**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BRYAN RHODE,

    Plaintiff,

vs.                                            Case No. 3:20-cv-480-MMH-MCR

CSX TRANSPORTATION, INC.,

    Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 42; Report) entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on February 3, 2022. In the Report, the Magistrate Judge recommended that Defendant's Motion for Summary Judgment and Supporting Memorandum of Law (Doc. 32; CSX's Motion) be granted and that Plaintiff's Motion for Final Summary Judgment and Incorporated Memorandum of Law (Doc. 33; Rhode's Motion) be denied. See Report at 60. Plaintiff Bryan Rhode timely filed objections to the Report. See Plaintiff's Objections to Magistrate Judge's Report and Recommendations Granting Defendant's Motion for Summary Judgment and Denying Plantiff's [sic] Motion for Summary

Judgment (Doc. 43; Objections), filed February 17, 2022.[1] Defendant CSX Transportation, Inc. (CSX), responded to Rhode's Objections on March 3, 2022. See Defendant's Responses to Plaintiff's Objections to Report and Recommendation (Doc. 45; Response). Accordingly, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Because the Court finds that the Objections are due to be overruled and the Report adopted as the Court's opinion, the Court will not repeat the factual background or the arguments and authority addressed there. Instead, the Court writes briefly only to address Rhode's specific objections. Rhode raises three objections to the Magistrate Judge's recommended factual findings and

---

[1] It appears that Rhode inadvertently filed this document twice. See Plaintiff's Objections to Magistrate Judge's Report and Recommendations Granting Defendant's Motion for Summary Judgment and Denying Plantiff's [sic] Motion for Summary Judgment (Doc. 44), filed February 17, 2022.

- 2 -

legal conclusions.  See Objections at 4, 11, 15.  For the reasons discussed below, the Court finds that each of Rhode's objections is due to be overruled.

First, Rhode objects to the Magistrate Judge's alleged failure to analyze whether the plan administrator Diana Sorfleet applied the correct legal standard when she determined that Rhode had resigned.  See id. at 5–6.  Rhode asserts that a plan administrator abuses her discretion by using an incorrect legal standard.  See id. at 4–5.  According to Rhode, there are "legal standards for resignation."  Id. at 5.  Rhode argues that Sorfleet acted arbitrarily and capriciously by failing to apply these legal standards to assess whether Rhode's statements and conduct constituted a resignation.  See id. at 6–8.

This objection is unavailing.  Rhode cites no authority for the proposition that there is a particular legal standard for "resignation" in ERISA cases.  See id. at 5 n.5 (discussing cases in different contexts).  In addition, Rhode's purported legal standard for resignation is inapplicable because Rhode's eligibility for benefits is governed by the terms of the CSX Corporation Executive Severance Plan (Plan).  See Report at 33 (citing 29 U.S.C. § 1132(a)(1)(B)); CSX's Motion, Ex. A (Doc. 32-1; AR) at 4.[2]  The relevant term in the Plan is "[v]oluntary termination."  AR at 7.  Sorfleet's interpretation of that

---

[2] For citations to the administrative record, page numbers refer to the CSXT-Rhode Bates numbers in the bottom right of the documents.

term is entitled to deference. See Report at 36–37, 41 (citing Blankenship v. Metro. Life Ins. Co., 644 F.3d 1350, 1355 & n.6 (11th Cir. 2011)).  For the reasons stated by the Magistrate Judge, the Court finds that Sorfleet reasonably determined that Rhode had voluntarily terminated his employment and was ineligible for benefits according to the terms of the Plan. See id. at 43–54.³  Consequently, the Court will overrule Rhode's first objection and adopt the Magistrate Judge's recommended finding that Sorfleet's decision was not an abuse of discretion.

Second, Rhode objects to the Magistrate Judge's recommendation that the Court find that Sorfleet conducted a full and fair review. See Objections at 11. Rhode argues that the Magistrate Judge reached his recommendation without sufficient analysis. See id. Specifically, Rhode contends that the administrative review was not full and fair because Sorfleet did not interview any of Rhode's team members and did not review Rhode's emails, files, and calendar to assess whether he intended to resign. See id. at 11–12.

This objection is unpersuasive, however, because the Magistrate Judge extensively considered the adequacy of Sorfleet's review. See Report at 47–53. The Magistrate Judge correctly stated that he was not required to apply

---

³ In this section of his Objections, Rhode also asserts that the Magistrate Judge incorrectly weighed and considered some of the evidence supporting Sorfleet's determination. See Objections at 8–10. As stated above, the Court finds that the Magistrate Judge's analysis is fully supported by the record.

deference in determining the threshold question of whether Sorfleet performed a full and fair review. See id. at 47 n.18. After reviewing the evidence, the Magistrate Judge recommended that Sorfleet had considered the key relevant information. See id. at 48–51; see also Boysen v. Ill. Tool Works Inc. Separation Pay Plan, 767 F. App'x 799, 811 (11th Cir. 2019) (per curiam)[4] ("We do not hold that plan administrators are obliged to search for and consider every document 'submitted by identification.' We rule only that plan administrators . . . cannot refuse to consider key relevant information, or to investigate further when faced with potentially conflicting evidence, or deny access to information that is potentially beneficial to a claimant."). Rhode's emails, files, calendar events, and absence of statements to his subordinates would not have directly contradicted the strong evidence that he had resigned. See Report at 44–46, 45 n.16, 48, 51, 53. Moreover, the Magistrate Judge specifically recommended that Sorfleet's decision was not an abuse of discretion even when Rhode's evidence outside the administrative record was considered. See id. at 48, 51–53. The Court finds that the Magistrate Judge's recommended findings of facts and conclusions of law on this are fully supported by the evidence in the file and the applicable law. Thus, Rhode's second objection is due to be overruled.

---

[4] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

In his third objection, Rhode challenges the Magistrate Judge's analysis with respect to Sorfleet's alleged conflict of interest. See Objections at 15. Rhode argues that the Magistrate Judge did not give sufficient weight to Sorfleet's conflict of interest considering the specific facts of this case. See id. at 19–20. But the Magistrate Judge acknowledged that the importance of a conflict of interest "will depend on the circumstances of each case." Report at 54. The Magistrate Judge then thoroughly considered Rhode's allegations and the relevant circumstances. See id. at 55–60. As the Magistrate Judge noted, Rhode's arguments that Sorfleet had a personal bias, conflict of interest, or financial motive to terminate him and to deny him severance were not supported by "persuasive evidence" and were "speculative at best." Id. at 59. Based on the administrative record and the other exhibits in the file, the Court concurs with the Magistrate Judge's recommendation that the structural conflict of interest and the alleged personal conflict of interest do not reveal Sorfleet's benefits determination to be an abuse of discretion. Therefore, Rhode's third objection will be overruled.

Upon independent review of the file and for the reasons set forth above, the Court will overrule Rhode's Objections and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is

**ORDERED:**

1. Plaintiff's Objections to Magistrate Judge's Report and Recommendations (Doc. 43) are **OVERRULED**.

2. The Report and Recommendation (Doc. 42) is **ADOPTED** as the opinion of the Court.

3. Defendant's Motion for Summary Judgment (Doc. 32) is **GRANTED**.

4. Plaintiff's Motion for Final Summary Judgment (Doc. 33) is **DENIED**.

5. The Clerk of the Court is directed to enter **JUDGMENT** in favor of Defendant and against Plaintiff.

6. The Clerk of the Court is further directed to terminate any pending motions and deadlines and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on March 9, 2022.

MARCIA MORALES HOWARD
United States District Judge

lc30
Copies to:

The Honorable Monte C. Richardson
United States Magistrate Judge

Counsel of Record

- 7 -